UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICOLASA MURILLO,

       Plaintiff,

v.                                 Case No:   6:16-cv-694-Orl-18TBS

COBBLESTONE COURTYARD, INC. and
ANGELINA REDMAN,

       Defendants.

_____

## REPORT AND RECOMMENDATION

       Pending before the Court is Plaintiff's Motion for Default Final Judgment (Doc. 12). Defendants have failed to respond to the motion and the time within to do so has expired. Upon due consideration, I respectfully recommend that the motion for default judgment be **granted**.

## Background

       On April 22, 2016, Plaintiff Nicolasa Murillo filed this case against her former employers, Cobblestone Courtyard, Inc., and Angelina Redman (collectively, Defendants) for unpaid minimum wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 1). Plaintiff alleges she was an hourly paid dish washer and custodian (Id. ¶ 7). She alleges that on November 7, 2015, Defendant Redman issued two checks to her on behalf of Defendant Cobblestone Courtyard – one for $125 and one for $1,230 – as compensation for work performed (Id. ¶¶ 8-10). Plaintiff states that she "subsequently attempted to deposit the checks but was later notified by [her credit union] that the checks were being returned for 'insufficient funds' in Defendant's account." (Id. ¶ 12). Plaintiff reports that the credit union assessed her a $15 fee for each returned check (Id.). The

checks remain unpaid. None of the Defendants have appeared in this case. On June 29, 2016, the Clerk of Court entered defaults against each Defendant, pursuant to FED. R. CIV. P. 55(a) (Doc. 11). On July 8, 2016, Plaintiff sought entry of a default judgment against Defendants (Doc. 12). On July 11, 2016, I entered an order carrying the motion so that Plaintiff could comply with the Servicemembers Civil Relief Act, 50 U.S.C. § 3932 (Doc. 13). Plaintiff responded by filing a from the United States Department of Defense Manpower Data Center in support of her motion for default judgment (Doc. 14). The motion is now ripe for review.

## Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment is entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985).
"Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

A.  Appropriateness of the Clerk's Entry of Default

1.  Defendant Angelina Redman

Federal Rule of Civil Procedure 4 deals with the service of process. Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e).

According to Plaintiff's return of service, the process server served Defendant Redman, personally at 1031 New York Ave., St. Cloud, FL 34769 on May 10, 2016 (Doc. 9-1). Under the guidelines established by Rule 4(e), service on Defendant Redman was proper. Upon being served with the summons and complaint, she was required to respond on or before May 31, 2016. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant Redman has failed to respond to the complaint and the time to do so has passed, thus the clerk's default was properly entered against her.

2.  Defendant Cobblestone Courtyard, Inc.

A plaintiff may serve a corporate defendant by,

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation under FLA. STAT. 48.091.[2] See FLA. STAT. § 48.081. If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." Id. at § 48.081(3)(b). Section 48.031, permits a process

---

[2] FLA. STAT. § 48.091 provides that:

> (1)     Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.

> (2)     Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a).

The return of service shows that Defendant Redman is Cobblestone Courtyard's registered agent (Doc. 8-1). The official address listed for registered agent Redman is: 1031 New York Ave, St. Cloud, FL 34769[3] (Id.). Plaintiff served Defendant Redman directly, on May 10, 2016 (Id.). Pursuant to Rule 4(h) and FLA. STAT. § 48.031(1)(a), service on Cobblestone Courtyard was proper. Upon being served with the summons and complaint, Cobblestone Courtyard was required to respond on or before May 31, 2016. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Cobblestone Courtyard has failed to respond to the complaint and the time within to do so has passed. Thus, the clerk's default was properly entered against Cobblestone Courtyard.

B. FLSA Claim

Damages may be awarded only if the record adequately reflects the basis for the award through evidence such as a detailed affidavit. Under the FLSA, an offending employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If "the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate plaintiff's prima facie case, 'the court may award approximate damages based on the employee's evidence.'" Donald v.

---

[3]

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=COBBLESTONECOURTYARD%20P130000806030&aggregateId=domp-p13000080603-fc369efb-12f5-45de-b07e-44d2b088a0d7&searchTerm=cobblestone%20courtyard&listNameOrder=COBBLESTONECOURTYARD%20P130000806030

<u>Park & Fly, LLC</u>, No. 3:10-cv-41-J-34MCR, 2011 U.S. Dist. LEXIS 139433, at *9 (M.D.

Fla. Nov. 7, 2011). The employee may rely on an affidavit to prove damages. <u>Childress v.</u>

<u>Bubba's World, LLC</u>, No. 6:09-cv-1955-Orl-28GJK, 2011 U.S. Dist. LEXIS 136994, at *5

(M.D. Fla. Nov. 4, 2011) ("A plaintiff may quantify damages by affidavit or other

admissible evidence."). The Court will also consider a plaintiff's answers to the Court's

interrogatories to establish reasonable damages. <u>See</u> <u>Bonilla v. Shiner's Car Wash</u>, Case

No. 6:12-cv-1649, 2014 U.S. Dist. LEXIS 66297, at *2 (M.D. Fla. April 23, 2014).

Ultimately, "[P]laintiff's proof must supply the Court with a just and reasonable inference

upon which to calculate [damages]." <u>Roberts v. Lee A. Stephens Sec., Inc.</u>, No. 3:05-cv-

1196-J-32MCR, 2007 WL 2579599, at *1 (M.D. Fla. May 10, 2007).

Plaintiff alleges she was an hourly paid dish washer and custodian and that

Defendants never made good on the two checks they gave her (Doc. 1). She also avers

that she was employed by an enterprise engaged in commerce within the meaning of the

FLSA (<u>Id.</u> ¶ 20). <u>See</u> <u>King v. Stevenson Beer Distrib. Co.</u>, Civil Action No. 4:12-cv-911,

2014 U.S. Dist. LEXIS 41568, at *16 (S.D. Tex. Mar. 27, 2014); <u>Ramirez v. Raptor Tech.</u>

<u>Grp., Inc.</u>, Case No. 5:12-cv-100-Oc-34TBS, 2012 U.S. Dist. LEXIS 91830, at *6 (M.D.

Fla. June 8, 2012) (citing <u>Hartsfield v. Express Shipping & Towing, Inc.</u>, No. 6:07-cv-540-

Orl-31KRS, 2008 U.S. Dist. LEXIS 117451, at *5-6 (M.D. Fla. Jan. 28, 2008)).

Plaintiff claims she is owed a total of $1,385 which includes $125 for check number

1017, $1,230 for check number 1016, and $30 in returned check fees (Doc. 12 at 7; Doc.

12-1 at 2-3). She has submitted an affidavit as evidence of the amount of her unpaid

wages (Doc. 12-1). The affidavit is sufficient to establish Plaintiff's actual damages.

Plaintiff has not requested liquidated damages. The award of liquidated damages in an

amount equal to the amount of back pay is mandatory unless the employer can show that

its actions were taken in good faith and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) (citing Spires v. Ben Hill Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ....'")); Romero v. Harmony Ret. Living, Inc., No. 6:12-cv-838-Orl-22KRS, 2013 WL 5230662, at *6 (M.D. Fla. Sept. 16, 2013); E.E.O.C. v. White and Son Enter., 881 F.2d 1006, 1012 (11th Cir. 1989).[4] Liquidated damages may be awarded in default judgment cases. See Childress v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2001 WL 5984896 (M.D. Fla. Nov. 4, 2011); Jimenez v. Elite Assoc. & Grp, Inc., No. 6:07-cv-638-Orl-31KRS, 2008 WL 638329, at *8 (M.D. Fla. Mar. 5, 2008); Wallace v. The Kiwi Grp., Inc., 247 F.R.D. 679, 685 (M.D. Fla. 2008).

Upon consideration of the foregoing, I respectfully recommend that the district court award Plaintiff $1,385 in actual damages and an additional $1,385 as liquidated damages.

C.  Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act ("SCRA") does not prevent entry of default judgment against Defendant Redman. Plaintiff has provided the Court a status report from the United States Department of Defense Manpower Data Center that shows that Defendant Redman is not a servicemember of the uniformed services, as defined in

---

[4]  The good faith defense "is not available to an employer unless the acts or omissions complained of were 'in conformity with' the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy upon which he relied."  29 C.F.R. § 790.14.   An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement."   Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees, 706 F. Supp. 2d at 1236.

Section 101(a)(5) of Title 10, pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3932 (Doc. 19 at 2, 11-12). This is sufficient to satisfy the SCRA's affidavit requirement.

    D.  <u>Taxation of Costs</u>

    A prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute. <u>See</u> FED. R. CIV. P. 54(d)(1); <u>see also</u> 29 U.S.C. § 216(b). In consideration of Defendants' default, I find that Plaintiff is the "prevailing party." <u>See</u> <u>Jean-Louis v. Greenberg</u>, No. 08-81205-Civ-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 98487, at *4 (S.D. Fla. Sept. 29, 2009) ("[T]he entry of a default judgment against Defendants renders Plaintiff the prevailing party."). Pursuant to federal statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920. "Costs for service of process by a private process server may be awarded as akin to 'fees' of the marshal' ..." <u>MBNA Am. (Delaware), N.A. v. Grp. Ins. Concepts, Inc.</u>, No. 8:05-cv-2114-T-27EAJ, 2006 WL 5159182, at *3 (M.D. Fla. May 16, 2006). Plaintiff has asked for $480 to reimburse her for fees associated with filing the complaint and serving process on Defendants (Doc. 12 at 7; Doc. 12-2). She has attached a law firm ledger as proof of the amounts expended for costs (Doc. 12-3). These costs are recoverable under 28 U.S.C. § 1920. Therefore, I respectfully recommend that

the district judge allow reimbursement of the filing fee and service costs. Plaintiff's motion does not seek an award of attorney's fees.

## Conclusion

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Default Final Judgment (Doc. 12) be **GRANTED**, as set forth herein.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on August 1, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Court Judge
Counsel of Record
Unrepresented Parties